IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, </br></br>Plaintiffs,</br></br>v.</br></br>MON DAN, INC., an Illinois Corporation and HUGH MONCKTON, Individually,</br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 21-cv-2201</br></br>: |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Brian C. James, Grant R. Piechocinski and ARNOLD

1

AND KADJAN LLP, complain against Defendant **MON DAN, INC.**, an Illinois Corporation, and **HUGH MONCKTON**, Individually, as follows:

## COUNT I

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(c) et seq, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the

2

collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant **MON DAN, INC.**, an Illinois Corporation **("MON DAN")**, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about **May 27, 1987**, whereby **MON DAN** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "**Exhibit A**".

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **MON DAN** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. Moreover, **MON DAN** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds. In addition, the Labor Agreement specifies due dates for **MON DAN'S** periodic contributions. Should **MON DAN** fail to contribute to the Funds by the due date, liquidated damages are assessed against it.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **MON DAN** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **MON DAN** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require

**MON DAN** to pay liquidated damages, interest, auditors fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

## The Claim

9. **MON DAN** has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit its books and records for a fringe benefit contribution compliance audit for the period of **January 1, 2019 through present**.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **MON DAN** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due under the Labor Agreement and audit from **MON DAN**.

13. **MON DAN** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  **MON DAN** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from **January 1, 2019 through present**.

B.  That judgment be entered in favor of Plaintiffs and against Defendant **MON DAN** in the amount shown to be due under the audit.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

15. Plaintiffs reallege and incorporate paragraphs 1 through 14 of Count I into Count II as if they were fully restated herein.

**The Claim**

16. **HUGH MONCKTON ("MONCKTON")** is the president of **MON DAN** and is empowered to execute agreements on behalf of **MON DAN**.

17. The Collective Bargaining Agreement ("CBA") at Article 15 Section 1(b)(1) provides that:

> Before commencing any work covered by this Agreement, the Employer shall provide a performance or surety bond, in the amount and under the terms set forth below, to insure the prompt and full payment of all contributions, dues/assessments, and wages due in accordance with this agreement:
>
> $10,000 – 6 or fewer employees
>
> $25,000 – 7 but fewer than 13 covered employees

$50,000 – 13 but fewer than 25 covered employees

$75,000 – 25 or more covered employees ("**Exhibit B**").

18. Pursuant to Article 15, Section1(b)(2) of the Labor Agreement, in the event that the Employer is a corporation, liability shall be imposed on the corporation in the amount of at least Thirty Thousand Dollars plus all amounts owed in excess of that sum and liability is also imposed personally on each official of that Employer empowered to execute agreements or sign checks on the corporation's behalf to designate the persons empowered to do so.

19. On information and belief, on or about September 2, 2004, Defendant **MON DAN** breached Article 15 by failing to have a performance bond in as required by the CBA.

20. Plaintiffs seek to obtain an audit of **MON DAN,** which, on information and belief, will demonstrate that **MON DAN** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay certain contributions and liquidated damages for the audit period of January 1, 2019 through present.

21. As **MON DAN** has breached Article 15 by failing to post the bond as required by the Agreement, **MONCKTON** is personally liable to the Funds for the total amount owed from the period of **January 1, 2019 through present**.

WHEREFORE, Plaintiff prays for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against Defendants **MON DAN** and **MONCKTON** in the amount of Thirty Thousand Dollars plus any amounts owed in excess of that amount as may be shown to be due on the audit.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

C      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Brian C. James
     One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN
35 E. Wacker Dr., Ste. 600
Chicago, Illinois 60601
(312) 236-0415